Jose De Jesus GUTIERREZ–
GUTIERREZ, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 11–71822.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 21, 2015.*

Filed Jan. 29, 2015.

Thomas A. Lappin, Esquire, Law Office
of Thomas A. Lappin, San Diego, CA, for
Petitioner.

Oil, Benjamin Zeitlin, Trial, DOJ–U.S.
Department of Justice, Washington, DC,
Chief Counsel Ice, Office of the Chief
Counsel Department of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before: CANBY, GOULD, and N.R.
SMITH, Circuit Judges.

## MEMORANDUM **

Jose de Jesus Gutierrez–Gutierrez, a na-
tive and citizen of Mexico, petitions for
review of the Board of Immigration Ap-
peals' ("BIA") order dismissing his appeal
from an immigration judge's ("IJ") deci-
sion denying his application for asylum,
withholding of removal, protection under
the Convention Against Torture ("CAT")
and cancellation of removal, and denying
his motion to continue. Our jurisdiction is
governed by 8 U.S.C. § 1252. We review
for substantial evidence the agency's factu-
al findings and review de novo questions of
law. *Henriquez–Rivas v. Holder,* 707 F.3d
1081, 1087 (9th Cir.2013) (en banc). We
review for abuse of discretion the denial of
a motion to continue. *Sandoval–Luna v.
Mukasey,* 526 F.3d 1243, 1246 (9th Cir.
2008). We dismiss in part, deny in part,
and grant in part the petition for review,
and we remand.

We lack jurisdiction to consider Gutier-
rez–Gutierrez's unexhausted contentions
regarding the IJ's statements related to
his unlawful entry. *See Barron v. Ash-
croft,* 358 F.3d 674, 678 (9th Cir.2004). We
otherwise lack jurisdiction to consider the
agency's denial of cancellation of removal
based on its discretionary hardship deter-
mination. *See De Mercado v. Mukasey,*
566 F.3d 810, 815–16 (9th Cir.2009). We
reject Gutierrez–Gutierrez's contention
that the agency applied an incorrect stan-
dard in its analysis of cancellation of re-
moval.

The agency did not abuse its discretion
by denying Gutierrez–Gutierrez's motion
for a continuance, where he failed to dem-
onstrate good cause. *See Sandoval–Luna,*
526 F.3d at 1246.

Gutierrez–Gutierrez does not contest the
BIA's determination that he failed to chal-
lenge the IJ's finding that his asylum ap-
plication was time-barred. Thus, we deny
the petition for review as to Gutierrez–
Gutierrez's asylum claim.

Substantial evidence supports the agen-
cy's denial of CAT relief because Gutier-
rez–Gutierrez failed to establish that it is
more likely than not he will be tortured by
or with the consent or acquiescence of the
government if returned to Mexico. *See*

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

*Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir.2008).

In .denying Gutierrez–Gutierrez's withholding of removal claim, however, the agency found that he failed to establish a likelihood of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez–Rivas v. Holder,* 707 F.3d 1081 (9th Cir.2013) (en banc), *Cordoba v. Holder,* 726 F.3d 1106 (9th Cir.2013), and *Pirir–Boc v. Holder,* 750 F.3d 1077 (9th Cir.2014), or the BIA's decisions in *Matter of M–E–V–G–,* 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W–G–R–,* 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Gutierrez–Gutierrez's withholding of removal claim to determine the impact, if any, of these decisions. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.